Territorial Law Library

IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| IN THE MATTER OF THE CONSOLIDATED ESTATES OF | ) PROBATE CASE NO. PR0081-08 |
| | ) |
| | ) |
| TERESITA CECILIA CAMACHO pka | ) |
| TERESITA CAMACHO DAMIAN and | ) DECISION AND ORDER |
| ROY TYDINGCO SR. DAMIAN, | ) |
| | ) |
| Decedents. | ) |
| | ) |
| | ) |

This matter came before the Honorable Alberto C. Lamorena III on July 25, 2008 on Joshua C. Damian's Motion to Dismiss Petition for Administration. Attorney Michael F. Phillips was present on behalf of Petitioner. Joshua C. Damian was present on his own behalf. After reading the parties' briefs, the Court took the matter under advisement. The Court now issues its Decision and Order.

**FACTUAL HISTORY**

In Domestic Case No. DM0848-97, the decedents in the current matter entered into divorce proceedings. During the course of the proceedings on May 11, 2005, counsels for both sides agreed that decedent Roy Tydingco Sr. Damian would possess a life estate in Lot No. 141-54, located in Mongmong, and the remainder in fee simple would be granted to Joshua C. Damian. *Declaration of Counsel Re: Order of Property Division*, Nov. 27, 2005, signed by Michael F. Phillips. After a lengthy battle by the decedents over whether the Court retained jurisdiction over the proceedings once Roy Tydingco Sr. Damian passed away on December 12, 2005, the Court held it retained jurisdiction and so ordered the remainder to the property in fee simple be granted to Joshua C. Damian on December 6, 2007.

On April 21, 2008, Petitioner Marcia K. Damian listed Lot No. 141-54 among the community property of the estate of the decedents in her Petition for Letters of Administration.

On June 18, 2008, Joshua C. Damian filed a Motion to Dismiss based upon the proceedings of DM0848-97.

## DISCUSSION

The issue before this Court is whether the December 6, 2007 Order issued in DM0848-97 is binding as to the estate without the issuance of a final judgment.

Petitioner argues that decedents passed away before the Order in DM0848-97 was effectuated, as there was no reduction of the Order to a final judgment. Additionally, Petitioner claims that decedent Teresita Cecilia Camacho was to receive 50% of the value of the property at issue from Roy Tydingco Sr. Damian, which had not happened by the time of the deaths of the decedents. Petitioner also argues that Joshua C. Damian's brother believed that there was a will from one of the decedents that granted the property at issue to him instead of Joshua C. Damian. Finally, Petitioner states that if the Court decides the Order to be binding, dismissal is too broad of a remedy when simply striking the relevant provision from the list of community property would suffice.

In reviewing DM0848-97, the Court notes the September 25, 2006 Decision and Order, in which the Court agreed with the current Petitioner's counsel that the death of a spouse does not deprive the Court of its retained jurisdiction to determine collateral property rights if the court has previously rendered judgment dissolving the marriage. *Id., citing In re Marriage of Hilke*, 4 Cal.4th 215, 841 P.2d 891 (1992). The December 6, 2007 Order granted to Joshua C. Damian a vested remainder in fee simple to Lot No. 141-54. It is not accompanied by any language that would indicate it is subject to divestment. The failure of Roy Tydingco Sr. Damian to tender 50% of the value of Lot No. 141-54 to Teresita Cecilia Camacho is entirely unrelated to the validity of the Order, and as the current probate involves the consolidated estates of Roy and Teresita, the transfer of 50% of the value would have no effect on the overall assets of the estates.

Failure of the Court in DM0848-97 to issue a final, conclusive judgment under Title 19 G.C.A. §8322 does not invalidate any and all previous orders issued by the Court. Petitioner has

2

not provided any rule or case law to the contrary, and indeed it would cripple the basic function of the judicial system if no court orders were to be given effect until the complete conclusion of the case. It is not the duty of Joshua C. Damian to ensure the closing of the domestic case, as he is not a party. It is the duty of the remaining counsel in that matter, which the Court notes is Petitioner's counsel.

At the hearing, Petitioner's counsel intimated that the decedents' other son, presumably Shawn C. Damian, claims that there exists a will of Roy Tydingco Sr. Damian in which Roy conveys ownership of Lot No. 141-54 to Shawn C. Damian. Even if such a will existed, it would have no effect on Joshua C. Damian's ownership of the lot. It is well settled law that one cannot bequeath more than one has, and Roy Tydingco Sr. Damian had only a life estate in Lot No. 141-54. Any such attempted transfer would be invalid, as the lot immediately passed into Joshua C. Damian's possession as a matter of law upon the death of Roy Tydingco Sr. Damian.

Petitioner argues that dismissal of the entire Petition for Letters of the Administration is a harsh remedy, and that Joshua C. Damian's objective can be accomplished by simply removing Lot No. 141-54 from the list of community property assets of the consolidated estates. The Court agrees, and will strike the lot from the list of assets, and allow Petitioner to submit an amended petition.

## CONCLUSION

Based on the above, Section 6.01 of Petitioner's Petition for Letters of the Administration is hereby STRICKEN, Petitioner shall be allowed to file an amended petition pursuant to this Decision, and Movant's Motion to Dismiss is hereby DENIED.

**IT IS SO ORDERED** this __3rd__ day of March, 2009.

Original Signed By:
Hon. Alberto C. Lamorena, III



I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam. Dated at Hagatna, Guam.

MAR 0 3 2009

Domingo M. Nego

**Alberto C. Lamorena III**
Presiding Judge
Superior Court of Guam